Jonathan Gonzales, Bar No. 277860
jgonzales@saclegaldefense.com
The Gonzales Law Corporation
431 I Street, Suite 203
Sacramento, CA 95814
Telephone: 916.304.9187
Facsimile: 916.490.4508

Attorneys for Plaintiff
BRANDON GINDT

Jason A. James, Bar No. 265129
jjames@bwslaw.com
Burke, Williams & Sorenson, LLP
18300 Von Karman Ave., Ste. 650
Irvine, California 92612
Telephone: 949.265.3427
Facsimile: 949.863.3350

Attorneys for Defendant
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA (erroneously sued as PRUDENTIAL INSURANCE AGENCY, LLC)

*Additional Counsel listed on next page*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON GINDT,<br><br>Plaintiff,<br><br>v.<br><br>DRAEGER, INC.; PRUDENTIAL INSURANCE AGENCY, LLC; and DOES 1-25, inclusive,<br><br>Defendants. | Case No. 2:25-CV-03319-TLN-CKD<br><br>*[Removed from Sacramento Superior Court Case No. 25CV023973]*<br><br>**JOINT STIPULATION AND ORDER TO CONTINUE THE FACT DISCOVERY CUTOFF AND RELATED DEADLINES**<br><br>Trial Date: Not Yet Set<br>Complaint Filed: October 10, 2025 |

Benjamin L. Webster, Bar No. 132230
bwebster@littler.com
Flora Feizi, Bar No. 347729
ffeizi@littler.com
LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
Telephone: 916.830.7200
Facsimile: 916.561.0828

Attorneys for Defendant
DRAEGER, INC.

Plaintiff BRANDON GINDT ("Plaintiff") and Defendants DRAEGER, INC. ("Draeger") and THE PRUDENTIAL INSURANCE COMPANY OF AMERICA (erroneously sued herein as PRUDENTIAL INSURANCE AGENCY, LLC) ("Prudential") (collectively, Plaintiff and Defendants are referred to as the "Parties"), by and through their respective counsel of record, hereby stipulate and agree as follows:

**WHEREAS** on or about November 14, 2025, Draeger removed this matter from the Superior Court of California, County of Sacramento, to the United States District Court for the Eastern District of California;

**WHEREAS** on or about November 20, 2025, the Honorable Troy L. Nunley, Chief United States District Judge, issued an Initial Pretrial Scheduling Order in this matter, which provides that "all fact discovery shall be completed no later than three hundred and sixty-five (365) days from the date upon which an answer is filed with the Court . . . or from the date of removal, whichever is later;"

**WHEREAS** under the Court's Initial Pretrial Scheduling Order, the Parties are required to complete all fact discovery within three hundred and sixty-five (365) days of removal, making the current fact discovery cutoff Friday, November 13, 2026;

**WHEREAS** since early August 2026, the Parties and their counsel have engaged in ongoing meet-and-confer communications regarding potential resolution and have attempted to avoid additional unnecessary discovery expenses while those efforts remain ongoing;

**WHEREAS** on September 4, 2026, the Parties exchanged proposed mediator names, coordinated availability, and agreed to pause Plaintiff's written discovery propounded on Draeger and Prudential so the Parties could focus their efforts on mediation and potential resolution;

**WHEREAS** on September 16, 2026, all Parties agreed to mediate this matter with Douglas K. DeVries, Esq. on October 21, 2026, which was the soonest date open on Mr. deVries' calendar for which all parties and counsel were available;

**WHEREAS** on September 18, 2026, counsel for Plaintiff indicated that any extension of time or pause on formal written discovery responses, then due on Friday, September 25, 2026, would require a joint stipulation continuing the fact discovery deadline to allow the Parties to proceed with mediation while preserving Plaintiff's ability to bring any appropriate discovery motion if mediation is unsuccessful;

**WHEREAS,** counsel for Plaintiff subsequently agreed to extend the deadline for Draeger and Prudential to respond to Plaintiff's written discovery to October 7, 2026, while the parties continued to meet and confer and prepare this stipulation;

**WHEREAS** based on the foregoing, the Parties have agreed, and respectfully submit that good causes exists, to extend the fact discovery cutoff set forth in the Court's Initial Pretrial Scheduling Order by eighty (80) days, from Friday, November 13, 2026, to February 1, 2027;

**WHEREAS,** the parties have also agreed, and respectfully submit that good cause exists, to extend the other deadlines tied to the discovery cutoff date as follows:

- Expert Disclosures Due: April 2, 2027 (60 days after February 1, 2027)
- Rebuttal Expert Disclosures Due: May 3, 2027 (90 days after February 1, 2027)
- Dispositive Motion Filing Deadline: August 2, 2027 (180 days after February 1, 2027)

**WHEREAS** this is the first extension that the Parties have requested in this matter;

**WHEREAS** good cause exists for the requested extension because the Parties have acted diligently and in good faith to advance this matter while pursuing a meaningful opportunity for early resolution. The Parties promptly conferred regarding mediation, exchanged mediator names, agreed on mediator Douglas K. DeVries, Esq., secured an October 21, 2026 mediation date, and reasonably agreed to pause formal written discovery responses that otherwise would require the Parties to incur substantial fees and costs before mediation occurs. Without the requested extension, there would not be enough time after mediation for the Parties to meet and confer about any discovery disputes and, if needed, bring a discovery motion before the current cutoff. The requested eighty (80) day continuance is narrowly tailored, promotes judicial economy, and preserves the Parties' ability to complete written discovery and seek appropriate discovery relief if mediation is unsuccessful. Because this is the Parties' first requested extension, no trial date has been set, all current discovery and trial-related deadlines flow from the fact discovery cutoff, and the continuance will not prejudice any Party or disturb any existing trial date;

**NOW, THEREFORE,** IT IS HEREBY STIPULATED AND AGREED by and between the Parties, through their respective counsel of record, as follows:

(1) The fact discovery cutoff is continued from November 13, 2026, to February 1, 2027, to permit the Parties to complete mediation on October 21, 2026, and to allow sufficient time thereafter to

complete written discovery if mediation does not resolve the matter.

(2) All other deadlines set forth in the Initial Scheduling Order shall be calculated from the continued fact discovery cutoff, as applicable, including the following:

- Expert Disclosures Due: April 2, 2027
- Rebuttal Expert Disclosures Due: May 3, 2027
- Dispositive Motion Filing Deadline: August 2, 2027

**IT IS SO STIPULATED.**

Respectfully submitted,

Dated: September 30, 2026

THE GONZALES LAW CORPORATION

/s/
Jonathan Gonzales
Attorney for Plaintiff
BRANDON GINDT

Dated: September 30, 2026

BURKE, WILLIAMS & SORENSEN, LLP

/s/
Jason A. James
Attorney for Defendant
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA (erroneously sued as PRUDENTIAL INSURANCE AGENCY, LLC)

Dated: September 30, 2026

LITTLER MENDELSON, P.C.

/s/
Benjamin L. Webster
Flora Feizi
Attorneys for Defendant
DRAEGER, INC.

**ORDER**

The Court has considered the Parties' Joint Stipulation to Continue the Fact Discovery Cutoff and all deadlines flowing from the fact discovery cutoff.

**GOOD CAUSE HAVING BEEN SHOWN, IT IS HEREBY ORDERED** that the current November 13, 2026 fact discovery cutoff is continued to February 1, 2027. All other deadlines set forth in the Initial Scheduling Order shall be calculated from the continued fact discovery cutoff, as applicable.

**IT IS SO ORDERED.**

DATED: September 30, 2026

Troy L. Nunley
Chief United States District Judge